# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAMON HERMAN MARTINEZ,

    Plaintiff,

vs.                                                                  No. CIV 97-0523 JC/LFG

AMERICAN OIL AND SUPPLY COMPANY,
AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, and U S WEST
COMMUNICATIONS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment on Statute of Limitations, filed September 4, 1998 *(Doc. 64)* and Defendant U S WEST Communications, Inc.'s ("U S WEST") Motion for Summary Judgment on Grounds of Workers' Compensation Act Exclusivity, filed August 28, 1998 *(Doc. 59)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion *(Doc. 64)* is not well taken and will be denied. The Court further finds that Defendant U S WEST's motion *(Doc. 59)* is well taken and will be granted.

## I.    Background

Plaintiff claims to suffer from a degenerative disorder of the respiratory and central nervous systems. Plaintiff contends the disorder was caused by exposure to a toxic lubricant, KS-16832L2,

and to several toxic cleaning solutions and solvents he encountered while working as an apparatus cleaner and technician for U S WEST.

## II.     Analysis

Defendants move for summary judgment based on the three-year statute of limitations. N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person . . . within three years."). Defendants argue Plaintiff knew of his degenerative disorder all the way back to 1975, when he initially began working with the toxic substances he now claims have caused him injury. Plaintiff counters that "it was at least 1996 before he reasonably understood the nature of his illness and its origin." (Pl.'s Resp. at 9.)

Under New Mexico law, "where an individual has been injured by an unsafe or defective product and the injury does not immediately manifest itself, the three-year statute of limitations . . . commences when a plaintiff knows, or reasonably should know through diligent inquiry, that he or she has been injured." Martinez v. Showa Denko, K.K., No. 18870, 1998 WL 531675, at *4 (N.M. Ct. App. July 13, 1998). Whether Plaintiff knew or should have known of the injury is usually a fact question for the jury. See Sawtell v. E.I. Du Pont De Nemours and Co., Inc., 22 F.3d 248, 252 (10th Cir. 1994).

In this case there is a genuine issue of material fact as to when Plaintiff knew or should have known of his injury. Although Plaintiff may have experienced burning eyes and lungs all the way back to 1975, it is not clear when Plaintiff learned of his pulmonary fibrosis. Cf. Wilson v. Johns-Manville Sales Corp., 684 F.2d 111 (D.C. Cir. 1982) (previous asbestosis diagnosis did not trigger statute of limitations on later mesothelioma action). Plaintiff claims the first indicator of his pulmonary fibrosis

was from an x-ray in late 1996. (Pl.'s Aff. at 3.) This coincides with Plaintiff's allegations that none of the doctors up to that point had been able to find anything wrong with him. (Pl.'s Am. Compl. at 1-3.) Apparently, "Plaintiff continued to suffer [throughout the 1980's] and complained to several company physicians for AT&T and U.S. West, however each visit was terminated by an x-ray which failed to show any signs of pulmonary fibrosis, and Plaintiff was repeatedly referred to psychiatrists." (Pl.'s Am. Compl. at ¶ 13.)

According to Dr. Hochman, Plaintiff (and presumably Dr. Hochman) did not know of "the nature or cause of his illness" as of May 26, 1995. (Hochman Aff. at ¶ 9.) Dr. Hochman tied Plaintiff's fibrosis to the chemical exposure in his diagnosis of October 13, 1997. (Hochman Aff. at ¶ 7.) The October 13, 1997 diagnosis may or may not be relevant, given that Plaintiff may be found to have (or should have) "reasonably known of the general nature and extent of" his injury before that date. Martinez, 1998 WL 531675, at *6 (citing 4 AMERICAN LAW OF PRODUCTS LIABILITY 3d § 47:42 at 75 (Timothy E. Travers, Managing Ed., et al., rev. Nov. 1990)). See Pl.'s Am. Compl. ¶ 14 and Defs.' Mem. at 5-6. Consequently, Defendants' motion for summary judgment based on the statute of limitations will be denied.

In addition to the statute of limitations motion, U S WEST argues the exclusive remedy provision of the New Mexico Workers' Compensation Act ("NMWCA"), N.M. Stat. Ann. § 52-1-9 (Repl. Pamp. 1991) precludes Plaintiff's present lawsuit because Plaintiff was an employee of U S WEST when his injuries occurred, and the injuries occurred within the course and scope of Plaintiff's employment.

Plaintiff counters that U S WEST is a third party (and thus outside the exclusivity provision) under the dual-persona doctrine "by reason of [U S WEST's] conduct as a manufacturer, seller, or distributor of hazardous lubricants and cleaners." (Pl.'s Am. Resp. at 2.)

Under the dual-persona doctrine, "an employer may be treated as a third party, vulnerable to a tort suit by an employee, if, and only if, the employer possesses a second persona sufficiently independent from and unrelated to its status as employer." Espinosa v. Albuquerque Publ'g Co., 123 N.M. 605, 609 (Ct. App. 1997) (quoting Garrity v. Overland Sheepskin Co., 121 N.M. 710, 720 (1996). See also Singhas v. New Mexico State Highway Dep't, 124 N.M. 42, ___, 946 P.2d 645, 647 (Ct. App. 1997).

I find no evidence of a dual-persona in this case. Plaintiff has not identified any evidence that would suggest U S WEST was "a manufacturer, seller, or distributor of hazardous lubricants and cleaners." Plaintiff's contention that Bell Systems ordered the KS-16832L2 lubricant to their specifications does not create the dual-persona. The mere fact that U S WEST may have ordered the KS-16832L2 lubricant specially from Defendant American Oil and Supply Company (See Pl.'s Resp. Ex. 1) does not give rise to a dual-persona. Consequently, U S WEST's motion for summary judgment on the exclusive remedy provision of the NMWCA will be granted.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment on Statute of Limitations, filed September 4, 1998 *(Doc. 64)* is **denied**.

IT IS FURTHER ORDERED that Defendant U S WEST Communications, Inc.'s Motion for Summary Judgment on Grounds of Workers' Compensation Act Exclusivity, filed August 28, 1998 *(Doc. 59)* is **granted**.

DATED this 23rd day of October, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | L. Edward Glass |
| | Kenneth R. Wagner & Associates, P.A. |
| | Albuquerque, New Mexico |
| Counsel for U S WEST: | Bruce Herr |
| | Grace Philips |
| | Montgomery & Andrews, P.A. |
| | Santa Fe, New Mexico |
| Counsel for AT&T | Theresa W. Parrish |
| | Rodey, Dickason, Sloan, |
| |   Akin & Robb, P.A. |
| | Albuquerque, New Mexico |
| Counsel for American Oil: | Norman L. Gagne |
| | Emily A. Franke |
| | Butt, Thornton & Baehr, P.C. |
| | Albuquerque, New Mexico |