# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RAMON HERMAN MARTINEZ,

    Plaintiff,

vs.                                            No. CIV 97-0523 JC/LFG

AMERICAN OIL AND SUPPLY COMPANY,
AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, and U S WEST
COMMUNICATIONS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Objections to Magistrate Judge's Order Denying Further Extensions, filed April 26, 1999 *(Doc. 92)*, and Defendants' Motion for Summary Judgment, filed May 26, 1999 *(Doc. 98)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Objections to Magistrate Judge's Order are not well taken and will be overruled. The Court further finds that Defendants' Motion for Summary Judgment is well taken and will be granted.

## I.    Objections to Magistrate Judge's Order

Plaintiff seeks to overturn Magistrate Judge Garcia's April 16, 1999 Order denying Plaintiff's renewed motion for "extension and request to establish new case management deadlines." Order at 1 *(Doc. 91)*. Plaintiff claims Judge Garcia's Order is equivalent to a dismissal with prejudice because without the extension Plaintiff will be unable to establish the causation element of his claim. Plaintiff

contends that he did not intentionally miss the previous deadlines set by Judge Garcia and that he should be given significant leeway because he is acting *pro se*. Plaintiff also asserts that Judge Garcia's Order should be reviewed under a *de novo* standard of review.

Defendants counter that Judge Garcia's Order is simply a non-dispositive case management order that should be reviewed under the clearly erroneous or contrary to law standard. Defendants highlight that Plaintiff has been given four previous extensions, and the case has been docketed for over two years. Defendants assert that Plaintiff's inability to establish the essential elements arise from his failure to comply with the previous case management deadlines established by the Court and not from Judge Garcia's denial of the additional extension for expert witness discovery.

I find that this issue is non-dispositive and therefore governed by the clearly erroneous or contrary to law standard. Judge Garcia's Order did not dismiss Plaintiff's case and was not a sanction against Plaintiff. Judge Garcia's Order simply denied Plaintiff an additional extension to find an expert.

Under Federal Rule of Civil Procedure 72(a), the Court shall consider objections made by the parties and shall modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. MARCUS & E. SHERMAN, COMPLEX LITIGATION at 643 (1985). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Judge Garcia's order was not clearly erroneous or contrary to law. As previously noted, this case has been pending for over two years. Plaintiff has had several deadline extensions and Judge Garcia has made every effort to accommodate Plaintiff under the rules. Consequently, Plaintiff's Objection to Magistrate's Order will be overruled.

**II.     Summary Judgment**

Summary judgment is appropriate if the moving party presents evidence that shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Upon such a showing, and where the non-movant bears the burden of proof at trial, the non-movant must then come forward with specific facts; the non-movant cannot rely on the allegations contained in the pleadings alone. *Lopez v. LeMaster*, 172 F. 3d 756, 759 (10th Cir. 1999). Of course, the facts are viewed in a light most favorable to the non-moving party. *Luckett v. Bethlehem Steel Corp.*, 618 F. 2d 1373, 1377 (10th Cir. 1980).

In this case, Plaintiff cannot survive summary judgment on the causation element of his claims. Plaintiff's toxicology evidence consists of: (1) a letter from a Dr. George R. Schwartz to Plaintiff indicating that there is a causal connection between exposure to oil mist and his pulmonary problems; (2) a statement by a Mr. James Lindsey; and (3) a list of mineral oil toxicity publications. *See* Exhibits to Pl.'s Resp. and Pl's Amend. Resp. *(Docs. 100 & 101)*.

Under FED. R. CIV. P. 56(e), an affidavit must affirmatively show that the affiant is competent to testify as to the matters stated therein. No such showing has been made for either Dr. Schwartz or Mr. Lindsey. Additionally, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1984), the Supreme Court held that although the non-movant's evidence need not be in "a form admissible at

trial," the party must be able to prove the underlying facts. An expert's affidavit submitted in connection with a motion for summary judgment must state the factual basis for the opinion. Neither Dr. Schwartz' letter nor Mr. Lindsey's statement provide the required factual basis.

Plaintiff fails to submit any additional evidence that would create a genuine issue over causation. Plaintiff's submission of a photocopied list of mineral oil publications is insufficient. None of the *complete* excerpts suggest a tie between fibrosis and the oil exposure. Consequently, Defendants' Motion for Summary Judgment will be granted.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Objections to Magistrate Judge's Order Denying Further Extensions, filed April 26, 1999 *(Doc. 92)*, are **overruled.**

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment, filed May 26, 1999 *(Doc. 98)*, is **granted**.

DATED this 28th day of June, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Ramon M. Martinez, *Pro se* <br> Albuquerque, New Mexico |
| Counsel for AT&T | Theresa W. Parrish <br> Rodey, Dickason, Sloan, Akin & Robb, P.A. <br> Albuquerque, New Mexico |
| Counsel for American Oil: | Norman L. Gagne <br> Butt, Thornton & Baehr, P.C. <br> Albuquerque, New Mexico |